# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7358 | **DATE** | 2/12/2003 |
| **CASE TITLE** | WESTNEY vs. JONES LANG LASALLE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Status hearing held and continued to 4/1/03 at 9:00 a.m. Parties to exchange rule 26 disclosures. Enter Memorandum Opinion And Order. Defendant's motion to dismiss is denied. Defendant's motion to strike those portions of count II of plaintiff's complaint seeking compensatory damages and prejudgment interest is granted. Defendant's motion to strike such portions of count III is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | FEB 13 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | *(signature)* | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

PAULETTE R. WESTNEY, )
)
**Plaintiff,** )
) No. 02 C 7358
)
v. ) Judge John W. Darrah
)
JONES LANG LASALLE )
AMERICAS, INC., )
)
**Defendant.** )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Paulette R. Westney ("Westney"), brought suit against Defendant, Jones Lang LaSalle Americas, Inc. ("Defendant"), alleging unlawful employment discrimination and violations of the Employee Retirement Act of 1974 ("ERISA"). Westney seeks recovery for the ERISA violations under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1140. Presently before the Court is Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint, alleging ERISA violations, and Defendant's Motion to Strike those portions of Counts II and III that seek compensatory damages and prejudgment interest.

In reviewing a motion to dismiss, the court reviews all facts alleged in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is only warranted if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Plaintiffs are not required to allege all of the facts underlying their claims in the complaint. Instead, a plaintiff need only plead the bare minimum facts necessary to put a defendant on notice of the claim so that

1

10

the defendant can file an answer. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002).

A reading of the Complaint supports the following summary of the alleged conduct of the parties.

Westney worked for Defendant, a Maryland corporation and a multinational real estate management company, beginning in 1979 as an administrative assistant. Over the years, she was promoted occasionally, until her final promotion to the position of Vice President in 1995.

On May 3, 1999, Defendant entered into a Facility Management Agreement ("Management Agreement") with the Chicago Symphony Orchestra ("CSO"), which designated Westney as the CSO Facility Manager. The termination date of the Management Agreement was April 30, 2002.

Westney worked as the Facility Manager at the CSO, as a General Manager in the downtown area Leasing and Management Business Unit for Defendant, from May 3, 1999 until January 31, 2002. Throughout her employment as CSO Facility Manager, Westney received excellent reviews for her performance from both Defendant and the CSO.

On January 31, 2002, Defendant prematurely and unilaterally terminated its Management Agreement with CSO. As it was terminating the Management Agreement, Defendant was also negotiating a new Agreement for Professional Services with CSO. Under the new agreement, Defendant's duties to CSO would remain essentially the same, except that the new agreement referred to Defendant as "Consultant" rather than "Manager"; it also eliminated Westney's position of Facility Manager. Defendant and CSO entered into the Agreement for Professional Services on February 1, 2002, one day after the termination of the old agreement.

Upon learning that her job would be terminated, Westney repeatedly asked to be reassigned to another position. One of her supervisors told her that no such positions were available within the

Leasing and Management Business Unit in the Chicago region when, in fact, there were such positions available, for which she was qualified. On January 31, 2002, Defendant terminated Westney, allegedly because of her sex.

After Westney was terminated, she made a claim for benefits pursuant to the established Jones Lang LaSalle Incorporated Severence Pay Plan ("Plan"). Defendant's Chief Human Resources Officer, Larry Deans, is the Administrator of the Plan. Section 2.1 of the Plan states:

> A regular employee . . . who satisfies each of the conditions and limitations of the Plan . . . will become a participant in the Plan on the date the participant's employment with Employer ends due to involuntary termination on account of: job elimination, permanent reduction in work force, or permanent shut down of a facility, department, or subdivision.

According to the terms of the Plan, Defendant has the right to "amend the Plan at any time and to alter, reduce, or eliminate any benefit under the Plan (in whole or in part) at any time or to terminate the plan at any time . . ." The Plan also states: "All benefits payable under this Plan shall be paid directly by the Employers out of their general assets. The Employers shall not be required to segregate on their books or otherwise any amount to be used for the payment of benefits under this Plan."

Defendant denied Westney's claim for benefits, by categorizing her termination as a loss of a property assignment within the Leasing and Management Business Unit, thus rendering her ineligible to participate in the Plan. Westney maintains that there was no loss of a property assignment because Defendant executed the new Agreement for Professional Services with the CSO one day after it terminated the old Management Agreement. Westney claims that the transition from the old agreement to the new was an "unscrupulous act by the Defendant to deny Westney payment

to which she was entitled . . . while at the same time retaining the CSO property." Westney states that her termination was involuntary and that she is, therefore, eligible to receive payment pursuant to Section 2.1 of the Plan.

Westney seeks the benefits allegedly owed to her under the Plan; back pay with prejudgment interest; compensation for past and future pecuniary and nonpecuniary losses resulting from Defendant's alleged unlawful employment practices; punitive damages; and any further relief that the Court deems just and proper.

Defendant has moved to dismiss Counts II and III of the Complaint, arguing that Defendant is not a proper party under ERISA.

ERISA provides: "Any money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this title." 29 U.S.C. § 1132 (d)(2). The Seventh Circuit has accordingly stated that, ordinarily, a plaintiff seeking to recover benefits from a plan under ERISA may only bring suit against the plan, not against the employer. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996). However, dismissal of parties other than the plan is not necessary in all such ERISA cases. An employer can be a proper defendant in an ERISA action where the employer is also the plan administrator, and the employer and the plan are closely intertwined. *Mein v. Carus Corp.*, 241 F.3d 581, 584-585 (7th Cir. 2001).

Here, an agent of the Defendant, its Chief Human Resources Officer, is the administrator of the Plan. Further, the Defendant has the exclusive right to amend the plan or to "alter, reduce, or eliminate" benefits under the plan. Defendant is also responsible for paying all Plan benefits for its

employees out of its own general assets. Thus, Defendant reasonably can be said to be "closely intertwined" with the Plan.

Based on all of the facts alleged in the Complaint and all reasonable inferences drawn therefrom in a light most favorable to Westney, Westney has sufficiently pled that Defendant was the administrator of the Plan and that Defendant and the Plan were closely intertwined. Therefore, at this stage of the litigation, Jones Lang LaSalle Americas, Inc. is a proper defendant in Westney's ERISA claim.

Defendant also seeks to strike those portions of Counts II and III of Westney's complaint that seek compensatory damages and prejudgment interest.

In an ERISA suit to recover benefits, extracontractual compensatory benefits are not available under 29 U.S.C. § 1132(a)(1)(B). *Harsch v. Eisenberg*, 956 F.2d 651, 655-660 (7th Cir. 1992), *cert. denied* 506 U.S. 818 (1992). Similarly, prejudgment interest is not available under § 1132(a)(1)(B) unless such interest is a benefit specified in the plan. *Clair v. Harris Trust & Sav. Bank*, 190 F.3d 495, 497 (7th Cir. 1999), *cert. denied* 528 U.S. 1157 (2000).

The Plan under which Westney seeks benefits does not provide for any compensatory benefits nor for any interest on payments that are not timely made. Therefore, these forms of relief are unavailable to Westney under § 1132 (a)(1)(B), and the portions of Count II of her complaint seeking them are stricken.

In Count III of her complaint, Westney also seeks unpaid benefits, compensatory damages, and prejudgment interest under 29 U.S.C. § 1140. Under § 1140, a plaintiff may seek either unpaid benefits or, in the alternative, equitable relief. *See Anglin v. Sears, Roebuck, & Co.*, 139 F. Supp. 2d 914, 920 (N.D. Ill. 2001). Therefore, the portions of Count III seeking monetary equitable relief in

the form of compensatory damages and prejudgment interest as an alternative form of relief are properly pled.

For the reasons stated above, Defendant's Motion to Dismiss is denied. Defendant's Motion to Strike those portions of Count II of Plaintiff's Complaint seeking compensatory damages and prejudgment interest is granted. Defendant's Motion to Strike such portions of Count III is denied.

Dated: February 12, 2002

JOHN W. DARRAH
United States District Judge